# United States District Court

for

*District of Guam*

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender:   **Michael U. Mesa**                                              Case  **CR 04-00040-002**

Name of Sentencing Judicial Officer:    Designated Judge Ronald S.W. Lew

Date of Original Sentence:    March 16, 2005

Original Offense:  Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C.  §846 and 846

Original Sentence:   46 month term of imprisonment followed by 36 months of supervised release with conditions: not unlawfully possess a controlled substance and refrain from any unlawful use of a controlled substance; submit to one urinalysis within 15 days of release from custody and, to two more urinalyses thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; cooperate in the collection of DNA as directed by the probation officer; participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  It is further recommended that the defendant make a co-payment for treatment at a rate to be determined by the U.S. Probation Office; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision:  Supervised Release               Date Supervision    February 29, 2008

## PETITIONING THE COURT

☐   To extend the term of supervision for            years, for a            years.

☒   To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Mesa's history of drug use, and the detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Mesa's mandatory condition to set the maximum number of tests he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Mesa's consent to the modification.

Reviewed by: Respectfully submitted,

/s/ CARMEN D. O'MALLAN  by: /s/ JUDY ANNE L. OCAMPO
U.S. Probation Officer Specialist  U.S. Probation Officer
Supervision Unit Leader

Date: August 15, 2008  Date: August 15, 2008

**THE COURT ORDERS**

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other  Issuance of a:  ☐ Summons  ☐ Warrant



**/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Sep 03, 2008**